IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES WHITNEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-1705 |
| | ) | |
| v. | ) | Judge Joy Flowers Conti/ |
| | ) | Magistrate Judge Cathy Bissoon |
| R. BARKLEY; SAMUEL J. RYMAROWICZ; | ) | |
| MARRY ANN LOCKETT; BRIAN V. | ) | |
| COLEMAN; RHONDA HOUSE; MR. BUZAS; | ) | |
| MR. WALKER; CORRECTIONAL OFFICER | ) | |
| JOHN DOE 1; and CORRECTIONAL OFFICER | ) | |
| JOHN DOE 2, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the case be dismissed with prejudice for failure to comply with this Court's order of December 21, 2010 (ECF No. 2).

## II. REPORT

Charles Whitney ("Plaintiff") was, at the time of initiating this suit, incarcerated at the SCI-Smithfield. Proceeding pro se, he has sought to file the instant civil rights complaint. The factual allegations concern incidents wherein his legal property allegedly was taken. Those legal papers involved a lawsuit that he wanted to file and also grievances that he attempted to file. Plaintiff complains that some Defendants took his property to prevent him from filing a lawsuit and that other Defendants failed to respond properly to grievances when he complained about the alleged stealing and destruction of his legal property. He further states in conclusory fashion that some Defendants' actions were motivated by retaliation against him for filing grievances.

On December 20, 2010, the Clerk of Court received Plaintiff's pro se civil rights complaint, unaccompanied by either a filing fee or a motion to proceed *in forma pauperis* ("IFP"). The following day, the Court ordered Plaintiff to either pay the filing fee or file a motion for leave to proceed IFP. ECF No. 2. The Order was sent to Plaintiff at his address of record. Plaintiff was ordered to comply by January 12, 2011. As of the writing of this report, Plaintiff has not done so, has not sought an extension of time in which to do so and, indeed, has not responded in any manner to the order.

A district court has the inherent power to *sua sponte* dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by*, Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors known as the Poulis factors[1] when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

---

[1] See e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002)("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

In <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth the following six factors to be considered: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. <u>Id.</u> at 868. However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the court of appeals. <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992). Indeed, the Court of Appeals for the Third Circuit has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988). Instead, the decision must be made in the context of the district court's extended contact with the litigant." <u>Id</u>.

Consideration of the factors listed above is as follows:

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the orders set forth above. The responsibility for his failure to respond to the orders in question is Plaintiff's alone.

(2) Prejudice to the adversary.

The complaint has not yet been served on Defendants. As such, there is no indication that Defendants have been prejudiced.

(3) A history of dilatoriness.

Plaintiff has not made any effort to move this case forward and has ignored two of this Court's orders. This is sufficient evidence, in this Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect," Poulis, *supra*. The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is proceeding *pro se* and has not responded to the Court's order, and it is not clear that any sanction other than dismissal will properly redress Plaintiff's refusal to comply.

(6) Meritoriousness of Plaintiff's case.

To the extent that Plaintiff is complaining about the destruction of his property and making a procedural due process claim, the claim is dismissible pre-service because there is an adequate post-deprivation remedy and such a claim fails to state a claim upon which relief can be granted. See, e.g., Dantzler v. Beard, Civ.A. 09-275, 2010 WL 1008294, at *8 (W.D.Pa. March 15, 2010). To the extent Plaintiff is complaining that he was denied access to courts by the destruction of his legal property, he has failed to adequately allege facts concerning the underlying suit so as to determine whether that suit was non-frivolous and he has also failed to allege why he could not have still brought that suit notwithstanding the alleged destruction of his legal property (e.g., why he could not simply recreate the allegedly destroyed complaint). For these reasons, Plaintiff fails to state a claim of denial of access to courts. See, e.g., Banks v. Beard, No. 2:03CV659, 2006 WL 2192015, at *5-*6 (W.D. Pa. Aug. 1, 2006) (*citing*, Christopher v. Harbury, 536 U.S. 403 (2002)).

As for his failure to adequately investigate and respond to grievances claim, such a claim fails to state a claim upon which relief can be granted. O'Connell v. Sobina, No. 1:06CV238, 2008 WL 144199, at *17 (W.D.Pa., Jan. 11, 2008) ("Plaintiff's allegations that Defendants failed to properly investigate, process, and/or consider his grievances do not state a claim upon which relief may be granted under 42 U.S.C. § 1983.") (*citing*, Burnside v. Moser, 138 F. App'x 414, 416 (3d Cir. 2005)). As for the retaliation claims, we find them to be conclusory and thus, insufficient under the pleading requirements of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937 (2010). Accordingly, we find that this factor weighs in favor of dismissal.

In light of the foregoing, we find that the Poulis factors weigh in favor of dismissal. Consequently, this Court recommends that Plaintiff's case be dismissed with prejudice for failing to comply with the order of December 21, 2010.

### III. CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Plaintiff's case be dismissed with prejudice.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (c), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by February 24, 2011. Failure to file objections by this date may constitute a waiver of any appellate rights.

s/Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

cc:

    Joy Flowers Conti
    United States District Judge


    Charles Whitney
    DM 3996
    S.C.I. at Smithfield
    P.O. Box 999, 1120 Pike Street
    Huntingdon, PA 16652